IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRP COLLEAGUE INC., et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:20-cv-03695-LMM |
| EDWARD (TEDDY) GILLEN, et al., | |
| Defendants. | |

**ORDER**

This case comes before the Court on Plaintiffs' Motion to Exclude Expert Report and Opinions of J. Lester Alexander, III [243]. In their Motion, Plaintiffs seek to exclude the testimony of Defendants' rebuttal damages expert, J. Lester Alexander, III ("Alexander"), pursuant to Federal Rule of Evidence 702 and Daubert.

Federal Rule of Evidence 702 "controls the admission of expert testimony." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004). It provides the criteria by which courts must evaluate an expert's qualifications, methodology, and helpfulness:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 requires district courts to perform the "critical 'gatekeeping' function" concerning the admissibility of expert evidence. See Frazier, 387 F.3d at 1260 (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 n.7 (1993)). In part, the Court's gatekeeping function "is to ensure the reliability and relevancy of expert testimony." Id. The Eleventh Circuit has adopted a three-part inquiry for determining the admissibility of expert testimony under Rule 702. Id. Under this standard, the district court must consider whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. (quoting City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998)). "The burden for laying the proper foundation for admission of expert testimony is on the party offering the expert; admissibility must be shown by a preponderance of the evidence." Chapman v. Procter & Gamble Distrib., LLC, 766 F.3d 1296, 1312–13 (11th Cir. 2014).

Plaintiffs argue that Alexander's testimony should be excluded for two reasons: (1) Alexander's opinions rely on speculation and an unexplained methodology, and (2) Alexander's testimony will not assist the jury's understanding of the evidence in this case. Dkt. No. [243]. In support of their contentions, Plaintiffs point to Alexander's deposition testimony that certain of his observations were based on "common sense" and that recognizing grossly inflated profits is a matter of "know[ing] it when you see it." Id. at 4–5. Defendants respond that Alexander's testimony is reliable and that any questions regarding the credibility of his methodology are reserved for the jury. Dkt. No. [253]. The Court agrees with Defendants.

First, Alexander explained his methodology during his deposition testimony. Although Plaintiffs' selected quotes arguably implicate Alexander's credibility as a witness, the context of those quotes demonstrates that Alexander's testimony is based on more than mere speculation. For example, Alexander bases his opinion that Plaintiffs' expert "grossly inflated" lost profits on not just common sense, but also his training and the 2006 American Institute of Certified Public Accountants' Guide. Dkt. No. [243-2] at 39. Contrary to Plaintiffs' suggestions, Alexander's disagreement with Plaintiffs' expert appears to be grounded in a *difference* of methodology rather than an *absence* of one. Id. at 63–66. That is, Alexander calculates damages using a market-based approach while Plaintiffs' expert operates on an income-based approach. Id. Throughout his deposition testimony, Alexander extensively discusses the merits and

drawbacks of his methodology. Id. at 34–41, 43–46, 59–69. Thus, the Court finds that Alexander is sufficiently reliable as an expert witness under Daubert.

Second, the Court finds that Alexander's opinions will assist the trier of fact. Plaintiffs' helpfulness argument is largely a restatement of their reliability argument.[1] Dkt. No. [243] at 11–12. Because the Eleventh Circuit has held that the helpfulness requirement "goes primarily to relevance," Seamon v. Remington Arms Co., LLC, 813 F.3d 983, 988 (11th Cir. 2016) (quoting Daubert, 509 U.S. at 587), the Court finds that Alexander's testimony meets this low threshold. Alexander's testimony is relevant to the issue of damages in this case. Thus, Alexander's testimony will assist the jury. Accordingly, the Court denies Plaintiffs' Motion to Exclude Alexander's Testimony.

In accordance with the foregoing, Plaintiffs' Motion to Exclude Expert Report and Opinions of J. Lester Alexander, III [243] is **DENIED**.

**IT IS SO ORDERED** this 4th day of October, 2023.

**Leigh Martin May**
**United States District Judge**

---

[1] Plaintiffs also worry that Alexander will confuse the jury or that "the jury will simply assume the truth of Alexander's conclusions without needing to fully understand his analysis because he is an expert." Dkt. No. [243] at 11. However, without any independent explanation of why this is so, Plaintiffs' concerns merely reflect the risks inherent in any expert testifying before a jury.